**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DMYTRO PLIUSHCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-291-PRW |
| | ) | |
| SCARLET GRANT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Dmytro Pliushch's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), which mandates detention. On May 26, 2026, Magistrate Judge Shon T. Erwin issued a Report and Recommendation recommending that the Court grant in part Petitioner's request for habeas relief and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).

The Government objects to Judge Erwin's determination that § 1226(a) controls Petitioner's detention.[1] However, since the Government filed its objection, the Tenth Circuit limited § 1225(b)(2)(A)'s reach to aliens detained at the border.[2] Because the

[1] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

[2] *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1250–51 (10th Cir. 2026).

Petition alleges—and the Government does not dispute—that ICE arrested Petitioner within the interior United States, *Quiroz* mandates that he is detained pursuant to § 1226(a).

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. 12) and **GRANTS** the Petition **IN PART** (Dkt. 1).

The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[3]

The Court **DENIES** Petitioner's Motion to Expedite (Dkt. 15) and Motion for Extension of Time to File Response to Objection (Dkt. 17).

**IT IS SO ORDERED** this 12th day of August 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[3] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.